UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEROY A. STUART,

                              Plaintiff,

        -against-                                          14 cv 7389 (NSR)

MONICA RECKTENWALD, WARDEN; DR. D.                         OPINION & ORDER
SOMMER, CD-MD; C.L. MCKINNEY, HAS; MR.
KNIBBS, PARAMEDIC; MR. TARALLO, PA,

                              Defendants.

NELSON S. ROMÁN, United States District Judge:

        Leroy Stuart ("Plaintiff") brings this action against defendants Monica Recktenwald,

Diane Sommer, Chester McKinney, Jacob Knibbs, and Daniel Tarallo for deliberate indifference

to his medical needs. Before the Court are the Plaintiff's motion to withdraw certain

defendants and the Defendants' motion to dismiss. Plaintiff has not submitted opposition to

the Defendants' motion. For the following reasons, Plaintiff's motion to withdraw defendants

and Defendants' motion to dismiss are GRANTED.

### PLAINTIFF'S MOTION TO WITHDRAW DEFENDANTS

        As a preliminary matter, Plaintiff moved pursuant to Rule 12(b)(1) of the Federal

Rules of Civil Procedure to withdraw defendants Monica Recktenwald and C.L. McKinney.

The Government consented to Plaintiff's motion. (*See* Defendants' Reply Memorandum of

Law in Further Support of Defendants' Motion to Dismiss the Complaint, ECF No. 29, at 2.)

The Court therefore grants Plaintiff's motion to withdraw defendants Recktenwald and

McKinney, and the instant motion to dismiss will be decided with regards to defendants Diane

Sommer, Jacob Knibbs, and Daniel Tarallo (collectively, "Defendants").

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  11/6/2015

## BACKGROUND

The following facts are derived from the Complaint filed by Plaintiff and Exhibits B-E to the declaration of Stephanie Scannell-Vessalla (Exhibits B-E, ECF Nos. 27:2-5), Staff Attorney at the Consolidated Legal Center in New York, NY, submitted by Defendants in support of their motion to dismiss. Exhibits B-E are copies of Plaintiff's administrative remedies and the Bureau of Prisons' ("BOP") responses thereto.[1]

Plaintiff is an inmate at the Federal Correctional Institute in Otisville, NY. (Compl. § III.) During his incarceration, Plaintiff developed health issues for which he sought medical care. (*Id.* ¶¶ 1-2.) Specifically, Plaintiff was bleeding from his rectum. (*Id.* ¶ 1.) On February 28, 2014, Plaintiff was triaged for his condition. (*Id.*) Plaintiff then attended a sick call at Health Services on March 3, 2014, complaining of acute pain and discharge of blood from his rectum. (*Id.* ¶ 2.) At this visit, defendant Knibbs (a paramedic) assisted Plaintiff and informed Plaintiff that he would be placed on a "call-out" and he should have a scheduled doctor visit within four to seven days. (*Id.* ¶ 3.)

As of March 21, 2014, Plaintiff had yet to see a doctor or be scheduled for a visit so he submitted a complaint in the form of an Informal Resolution – the first step of the BOP's

---

[1] The Court may properly consider Plaintiff's administrative submissions as well as the responses thereto because Plaintiff incorporated them into the Complaint by reference. Specifically, paragraphs 4-11 of the Complaint describe, in detail, Plaintiff's attempts to remedy the situation and the BOP's responses. *McDowall v. Metro. Corr. Ctr.*, No. 08-CIV-8329 (BSJ), 2010 WL 649744, at *7 (S.D.N.Y. Feb. 22, 2010) (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001)) ("The Court may consider the administrative remedies attached to the Johnson Declaration on this motion to dismiss without converting it into a motion for summary judgment because Plaintiff's administrative remedies and the BOP's responses have been incorporated into the Complaint by reference.") *See also Lockwood v. Fed. Bureau of Prisons*, No. 13 CIV. 8104 ALC, 2015 WL 4461597, at *2 (S.D.N.Y. July 21, 2015) (considering evidence regarding BP-8's because it was incorporated into the complaint by reference). Therefore, the Court will not convert the instant motion into a motion for summary judgment, and Plaintiff's unsigned affidavits need not be considered because they are not "written instrument[s] attached to the complaint, statements or documents incorporated into the complaint by reference, [or] documents possessed by or known to the plaintiff and upon which the plaintiff relied in bringing the suit." *Manley v. Utzinger*, No. 10 Civ. 2210 (LTS)(HBP), 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011).

remedial scheme.[2] (*Id.* ¶ 4.) In response to Plaintiff's Informal Resolution, McKinney acknowledged that Plaintiff had yet to be seen by a doctor and scheduled him for a call-out on April 3, 2014. (*Id.* ¶¶ 5-6.) Plaintiff was not placed on call-out on April 3 nor was he seen by any doctor at that point. (*Id.* ¶ 6.) The day after this failed appointment, Plaintiff filed a BP-9, claiming he had been denied medical treatment. (*Id.* ¶ 7.) Throughout April and May, Plaintiff exhausted his administrative remedies by submitting complaints to the appropriate administrators and appealing unfavorable decisions. (*See Id.* ¶¶ 7-11.)

Plaintiff was evaluated by a doctor for his condition on April 7, 2014 and April 22, 2014. (Exhibit E at 3.) Plaintiff was advised to take over-the-counter medication and adjust his diet. (*Id.*) In addition, Plaintiff was seen by gastroenterology on May 23, 2014, where the staff recommended Plaintiff see a gastroenterologist and undergo a colonoscopy. (*Id.* at 1-2.) As of the date of the final administrative appeal—June 13, 2014—Plaintiff was awaiting scheduling of his gastroenterology appointment. (*Id.*)  Plaintiff alleges that many of his scheduled appointments during the April-June time period were cancelled and that he has endured excruciating pain while awaiting treatment of his medical condition. (*Id.* at 1.)

**STANDARD OF REVIEW**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

---

[2] An inmate's first step of administrative relief requires him or her to "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). The staff must complete its informal resolution within 20 days. *See* 28 C.F.R. § 542.14(a). The inmate must then submit "a formal written Administrative Remedy Request, on the appropriate form (BP–9)," within "20 calendar days the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The BP–9 is submitted to the inmate's institution. *See* 28 C.F.R. § 542.14(c)(4). If the inmate is dissatisfied with the institution's response to his BP–9, he "may submit an Appeal on the appropriate form (BP–10) to the Regional Director within 20 calendar days of the date of the Warden signed the response" to his BP–9. 28 C.F.R. § 542.15(a). And an "inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id. See generally Macias v. Zenk*, 495 F.3d 37, 42 (2d Cir.2007) (summarizing BOP scheme). Plaintiff has exhausted all of these requirements.

for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court must "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of action." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662) (internal quotation marks omitted). A plaintiff must provide "more than labels and conclusions" to show he is entitled to relief. *Twombly*, 550 U.S. at 555.

Where a Plaintiff fails to oppose a motion to dismiss a complaint for failure to state a claim, automatic dismissal is not merited.[3] In such a situation, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–323 (2d Cir. 2000). As with all Rule 12(b)(6) motions, on an unopposed motion to dismiss, a court is to "assume

---

[3] The Court acknowledges the difficulties the *pro se* Plaintiff would have faced had this motion been converted into one for summary judgment; specifically, Plaintiff had trouble, without the benefit of discovery, gathering relevant evidence (i.e., affidavits) to support his claims. However, Plaintiff's claim that he is "precluded from arguing in opposition to the motion to dismiss [and is] hamstrung in overcoming its rule 12 motion" is unfounded. (*See* ECF No. 24 at p. 2.) Plaintiff was free to submit legal arguments in opposition of Defendants' motion to dismiss but failed to do so. As noted in the discussion, the Court will nonetheless address the merits of the motion.

the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* at 322. "If a complaint is sufficient to state a claim on which relief can be granted on its face, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Accurate Grading Quality Assur., Inc. v. Thorpe,* No. 12 CIV. 1343 ALC, 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013).

## DISCUSSION

### I.       Eighth Amendment

Plaintiff's present cause of action pursuant to 42 U.S.C. § 1983 relates to the Defendants' alleged denial of medical care during the time that Plaintiff was incarcerated at FCI-Otisville. "Because Section 1983 imposes liability only upon those who actually cause a deprivation of rights, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (citation and internal quotation marks omitted).

The Cruel and Unusual Punishments clause of the Eighth Amendment forms the basis of a convicted prisoner's claim that he or she is not being provided adequate medical care. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009) (citing *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996)). An Eighth Amendment claim of inadequate medical care requires a demonstration of "deliberate indifference to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

To sustain a claim of deliberate indifference, Plaintiff must allege that (1) objectively, the deprivation of adequate medical care was sufficiently serious, and (2) subjectively, defendants acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Salahuddin v. Goord*, 467 F.3d 263, 279-81 (2d Cir. 2006). "The objective component requires that the alleged deprivation must be sufficiently serious, in the sense that a condition

of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (citing *Hathaway v. Coughlin, 99 F.3d 550, 553* (2d Cir. 1996)) (internal quotation marks omitted). For the subjective prong, the official charged with deliberate indifference must act with a "sufficiently culpable state of mind." *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prison official may only be found liable if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness—"an act or a failure to act by [a] prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Hill*, 657 F.3d at 123 (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)) (internal quotation marks omitted). *See also Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (observing that "negligent malpractice do[es] not state a claim of deliberate indifference"). "Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003).

As to each defendant, therefore, Plaintiff is required to allege personal involvement in the actions demonstrating deliberate indifference to his medical needs. For the following reasons, Plaintiff's allegations of deliberate indifference on behalf of each defendant are insufficient as a matter of law.

A.     *Dr. Diane Sommer*

Plaintiff wholly fails to reference defendant Sommer in both the Complaint and the administrative requests for relief considered by this Court on the instant motion. Without knowing what, if any, part Dr. Sommer played in providing medical care to Plaintiff, it is

6

impossible for this Court to draw an inference that Dr. Sommer could be liable for the alleged conduct. Because Plaintiff has not alleged personal involvement of Dr. Sommer, the claims against Dr. Sommer should be dismissed. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("[A] plaintiff must allege that the individual defendant was personally involved in the constitutional violation").

Even if the Court were to draw an inference that Dr. Sommer was personally involved in the medical care and decisions laid out in the Complaint and Exhibits B-E, the record does not support an inference that the alleged unreasonable delay or lack of proper medical care was attributable to Dr. Sommer's deliberate indifference to Plaintiff's condition. Plaintiff was seen at least three times by medical staff, who evaluated his condition and released him with instructions for medication and treatment. Plaintiff was further instructed to undergo an endoscopy—which was pending scheduling at the time of this filing—so the medical staff could further diagnose and treat any illness Plaintiff may have. To the extent the Court could draw an inference that Dr. Sommer was involved in this treatment, the Court nevertheless finds that this is well within the range of reasonable medical care and certainly does not rise to a level of deliberate indifference, which requires a culpability above mere negligence. The Court therefore dismisses the claims against defendant Sommer.

B.     *Daniel Tarallo*

The Complaint similarly does not contain any allegations regarding defendant Tarallo. Tarallo is, however, mentioned in the additional exhibits examined by the Court on the motion. Specifically, in Exhibit D (Plaintiff's BP-10), Plaintiff explains that Tarallo examined him on April 7, 2014. As the Court has noted above, however, though Tarallo was personally involved in Plaintiff's medical treatment, Plaintiff has failed to allege any conduct that establishes Tarallo was deliberately indifferent to his medical needs. On the contrary, Tarallo

examined Plaintiff, recommended a course of treatment, and saw him again to follow up (presuming the April 22 visit was also with defendant Tarallo). These actions are consistent with reasonable medical treatment and do not demonstrate that Tarallo consciously disregarded a substantial risk of harm. For these reasons, the Court finds that the claims against defendant Tarallo must be dismissed.

C.     Jacob Knibbs

Defendant Knibbs, a paramedic, saw Plaintiff for his first visit on March 3, 2014. The Complaint alleges that defendant Knibbs informed Plaintiff that he would be placed on call-out and would be seen within four to seven days. Though Plaintiff was not seen until over a month later, he does not allege—in the Complaint before this Court or any administrative complaint—that this delay was in any way due to the reckless wrongdoing of defendant Knibbs. Even if the Court were to find the delay from March 3 until Plaintiff's first visit on April 7 was unreasonable *and* attributable to misconduct on behalf of defendant Knibbs, this could, at most, amount to negligence and would therefore not be sufficient to sustain a claim of deliberate indifference. *See Williams v. Wright*, 162 F. App'x 69, 71-72 (2d Cir. 2006) (internal citations omitted) ("To the extent the [] defendants are in any way responsible for this delay—which is not clear from the record—the conduct, at worst, demonstrates negligence, not deliberate indifference and, thus, cannot support an Eighth Amendment claim.").

## II.     Qualified Immunity

"In this Circuit, a defendant may [raise qualified immunity in a pre-answer motion to dismiss], but the defense is held to a higher standard than if it were asserted in a motion for summary judgment." *Sledge v. Bernstein*, No. 11 Civ. 7450(PKC)(HBP), 2012 WL 4761582, at *4 (S.D.N.Y. Aug. 2, 2012); *see also McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004)

(a defense of qualified immunity in a motion to dismiss can only be sustained if plaintiff cannot state any facts that would prevent the application of qualified immunity). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011); *see also Harlow* v. *Fitzgerald*, 457 U.S. 800, 818 (1982) ("Government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). Because Plaintiff has failed to allege a violation of a constitutional right, the Defendants are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion to withdraw defendants McKinney and Recktenwald is GRANTED; Defendants' motion to dismiss is GRANTED; and Plaintiff's claims against the Defendants are dismissed in accordance with this opinion. The Court respectfully directs the Clerk to terminate the motions at ECF Nos. 23 and 25 and close the case.

Dated:    November 6, 2015                                            SO ORDERED:
          White Plains, New York

                                                                     _____
                                                                     NELSON S. ROMÁN
                                                                     United States District Judge